Scottlynn J Hubbard, SBN 212970
**Disabled Advocacy Group, APLC**
12 Williamsburg Lane
Chico, CA 95926
Telephone: (530) 895-3252
Facsimile: (530) 894-8244
Email: USDCEast@HubsLaw.com
Attorney for Plaintiff Amy Ahl-Wright

United States District Court

Eastern District of California

| | |
|---|---|
| Amy Ahl-Wright,   )<br>  )<br>    Plaintiff,   )<br>  )<br>    vs.   )<br>  )<br>Regents of the University of   )<br>California; William G. Streng, as an   )<br>individual; The Extension Partners,   )<br>a California General Partnership,   )<br>  )<br>    Defendants.   )<br>  )<br>  )<br>  )<br>  )<br>  ) | Case No.<br><br>**Plaintiff's Complaint** |

## Summary

1. This is a civil rights action by plaintiff Amy Ahl-Wright ("Ahl-Wright") for discrimination at the building, structure, facility, complex, property, land, development, and/or surrounding business complex known as:

> UC Davis Extension
> 1632 Da Vinci Court
> Davis, California
> (hereafter "the UC Extension office")

2. Ahl-Wright seeks damages, injunctive and declaratory relief, attorney fees and costs pursuant to the Americans with Disabilities Act of 1990 (ADA), Rehabilitation Act of 1973 (Rehab Act), and related California statutes against: Regents of the University of California; William G. Streng, as an individual; The Extension Partners, a California General Partnership, (collectively "the defendants")

## Jurisdiction

3. This Court has original jurisdiction under 28 U.S.C. §§ 1331 and 1343 for ADA and Rehab claims.

4. Ahl-Wright's claims are authorized by 28 U.S.C. §§ 2201 and 2202.

## Venue

5. All actions complained of herein take place within the jurisdiction of the United States District Court, Eastern District of California, and venue is invoked pursuant to 28 U.S.C. § 1391(b), (c).

## Parties

6. The defendants are public entities of the State of California; or private entities – *e.g.*, person (or persons), firms, or corporations – who own, operate, or lease the UC Extension office.

7. Ahl-Wright is a 36-year-old woman who is legally blind and requires corrective lenses when traveling in public. Consequently, she is "physically disabled," as defined by all applicable California and United States laws, and a member of the public whose rights are protected by these laws.

**Facts**

8. On November 16, 2015, Ahl-Wright visited the UC Extension office in Davis for continuing education training as a social worker for the County of Butte's Children's Services Division, where she helps at-risk youth in the county.

9. The UC Extension office is a service establishment, open to the public, which is intended for nonresidential use and whose operation affects commerce.

10. While walking to the front entrance along the accessible route, Ahl-Wright tripped on an unmarked ledge adjacent to the ramp. This ledge should have been both flared and identified under state and federal law (*e.g.*, contrast, detectable warnings), to notify disabled individuals of the potential danger. It wasn't.

11. Unaware of the dangerous condition, Ahl-Wright tripped on the ledge and fell to the ground, crushing her right hand beneath her and injuring her knees. The injury was devastating, as the muscle and nerve damage was so severe that she lost the use of her right (dominant) hand. Unable to work, she also lost her job as a social worker and remains unemployed to this day. Needless to say, these barriers denied her full and equal enjoyment of the facility.

12. The defendants knew that these elements and areas of the UC Extension office were inaccessible, violated state and federal law, and interfered with (or denied) access to the physically disabled. Moreover,

defendants have the financial resources to remove these barriers from the office (without much difficulty or expense), and make the UC Extension office accessible to the physically disabled. To date, however, they have refused to either remove those barriers or seek an unreasonable hardship exemption to excuse non-compliance.

13.   At all relevant times, defendants have possessed and enjoyed sufficient control and authority to modify the UC Extension office to remove impediments access and to comply with the Americans with Disabilities Act Accessibility Guidelines and Title 24 regulations. The defendants have not removed such impediments and have not modified the UC Extension office to conform to accessibility standards.

First Count

**The Americans with Disabilities Act of 1990**

Denial of Public Services

14.   Title II of the ADA holds that: Subject to the provisions of this title, no qualified individual with a disability shall (by reason of such disability) be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity. 42 U.S.C. § 12132.

15.   Here, the public-entity defendants discriminated against Ahl-Wright by denying her full and equal enjoyment to the UC Extension office's services, programs, and activities. To date, the defendants have not made the UC Extension office readily accessible under Title II of the ADA. Ahl-Wright thus seeks all relief available under the ADA to address these violations. 42 U.S.C. § 12133.

### Denial of "Full and Equal" Enjoyment and Use

16. Title III of the ADA holds as a "general rule" that no individual shall be discriminated against on the basis of disability in the full and equal enjoyment (or use) of goods, services, facilities, privileges, and accommodations offered by any person who owns, operates, or leases a place of public accommodation. 42 U.S.C. § 12182(a).

17. Here, the private-entity defendants discriminated against Ahl-Wright by denying her "full and equal enjoyment" and use of the goods, services, facilities, privileges or accommodations of the UC Extension office during each visit and each incident of deterrence.

### Failure to Remove Architectural Barriers in an Existing Facility

18. The ADA specifically prohibits failing to remove architectural barriers, which are structural in nature, in existing facilities where such removal is readily achievable. 42 U.S.C. § 12182(b)(2)(A)(iv). The term "readily achievable" is defined as "easily accomplishable and able to be carried out without much difficulty or expense." *Id.* § 12181(9).

19. When an entity can demonstrate that removal of a barrier is not readily achievable, a failure to make goods, services, facilities, or accommodations available through alternative methods is also specifically prohibited if these methods are readily achievable. *Id.* § 12182(b)(2)(A)(v).

20. Here, plaintiff alleges that the private-entity defendants can easily remove the architectural barriers at the UC Extension office without much difficulty or expense, and that these defendants violated the ADA by failing to remove those barriers, when it was readily achievable to do so. In the alternative, if it was not "readily achievable" for these defendants to remove the UC Extension office's barriers, then defendants violated the ADA by failing to make the required services available through alternative methods, which are readily achievable.

### Failure to Design and Construct an Accessible Facility

21. On information and belief, the UC Extension office was designed or constructed (or both) after January 26, 1992 – independently triggering access requirements under Title III of the ADA.

22. The ADA also prohibits designing and constructing facilities for first occupancy after January 26, 1993, that aren't readily accessible to, and usable by, individuals with disabilities when it was structurally practicable to do so. 42 U.S.C. § 12183(a)(1).

23. Here, the private-entity defendants violated the ADA by designing or constructing (or both) the UC Extension office in a manner that was not readily accessible to the physically disabled public – including Ahl-Wright – when it was structurally practical to do so.

### Failure to Make an Altered Facility Accessible

24. On information and belief, the UC Extension office was modified after January 26, 1992, independently triggering access requirements under the ADA.

25. The ADA also requires that facilities altered in a manner that affects (or could affect) its usability must be made readily accessible to individuals with disabilities to the maximum extent feasible. 42 U.S.C. § 12183(a)(2). Altering an area that contains a facility's primary function also requires adding making the paths of travel, bathrooms, telephones, and drinking fountains serving that area accessible to the maximum extent feasible. *Id.*

26. Here, the private-entity defendants altered the UC Extension office in a manner that violated the ADA and was not readily accessible to the physically disabled public – including Ahl-Wright – to the maximum extent feasible.

<u>Failure to Modify Existing Policies and Procedures</u>

27. The ADA also requires reasonable modifications in policies, practices, or procedures, when necessary to afford such goods, services, facilities, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter their nature. 42 U.S.C. § 12182(b)(2)(A)(ii).

28. Here, the private-entity defendants violated the ADA by failing to make reasonable modifications in policies, practices, or procedures at the UC Extension office, when these modifications were necessary to afford (and would not fundamentally alter the nature of) these goods, services, facilities, or accommodations.

<u>Remedies</u>

29. Ahl-Wright seeks all relief available under the ADA – *e.g.*, actual damages, injunctive relief, attorney fees, costs, legal expense – for the above violations. 42 U.S.C. §§ 12133, 12188(a)(1), 12205. Ahl-Wright does not seek injunctive relief that does not relate to her disability.

Second Count

**Rehabilitation Act of 1973**

30. The Rehab Act provides that no otherwise qualified individual with a disability shall, solely by reason of his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance. 29 U.S.C. § 794(a). Generally speaking, the Rehab Act imposes the same obligations and liabilities as the ADA.[1]

31. Here, the defendants knowingly discriminated against Ahl-Wright on the basis of her disability by failing to adequately construct the UC

---

[1] *Wong v. Regents of the Univ. of California*, 192 F.3d 807, 811, n.2 (9th Cir. 1999).

Extension office. These acts and omissions resulted in unequal access to the programs, services, and activities for the disabled. The defendants have thus violated the Rehab Act by excluding plaintiff from participation in, denying her the benefit of, and subjecting her to discrimination under the programs and activities offered by defendants – solely by reason of her disability.

32. Because these acts and omissions evince the defendants' deliberate indifference towards Ahl-Wright, she seeks damages, injunctive relief, attorney fees, costs, and legal expense under the Rehab Act.

## Prayer for Relief

Wherefore, Ahl-Wright prays judgment against defendants for:

1. Injunctive relief, preventive relief, or any other relief the Court deems proper.

2. Actual damages, according to the proof.

3. Attorneys' fees, litigation expenses, and costs of suit.[2]

4. Interest at the legal rate from the date of the filing of this action.

5. Such further legal and equitable relief as this court may deem proper.

DATED: November 14, 2017    Disabled Advocacy Group, APLC

/s/Scottlynn J Hubbard, Esq.         /
Scottlynn J Hubbard
Attorney for Plaintiff Amy Ahl-Wright

---

[2] This includes attorneys' fees under California Code of Civil Procedure § 1021.5.